PER CURIAM.
 

 Chapter 11 Trustee L. David Zube appeals on behalf of Burnell G. and Alice Carney from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr.,
 
 Chief
 
 Judge). The District Court dismissed the Carneys’ claim that James V. Philippone committed legal malpractice by not advising them to file for bankruptcy protection before the expiration of their right under local law to redeem property subject to tax sale. Familiarity with the facts of this case, as set forth in our prior decision,
 
 Carney v. Philippone,
 
 332 F.3d 163 (2d Cir.2003), is assumed.
 

 As we previously explained, if the Carneys’ “right to redeem expired before they hired Philippone, his failure to advise them to file for bankruptcy earlier could not have caused them injury.”
 
 Id.
 
 at 170-71. In dismissing the Carneys’ malpractice claim, the District Court reasoned that collateral estoppel barred relitigation of the bankruptcy court’s determination that the Carneys had lost their right of redemption before they retained Philippone. The District Court alternatively held that, if collateral estoppel did not apply, the bankruptcy court had correctly concluded that the Carneys’ right of redemption had expired prior to their retaining Philippone.
 

 In our prior decision, we held that the District Court erred in applying collateral estoppel. Because we were unable to harmonize various sections of the Onondaga County Tax Act, however, we could not determine whether the District Court’s alternative holding was also erroneous.
 
 Id.
 
 at 170-72. Finding that the appeal raised important, unsettled questions of New York law, we certified two questions to the New York Court of Appeals:
 

 (1) Under the Onondaga County Tax Act, is an owner’s right to redeem his property, after its sale for taxes, strictly limited to two years even when the tax sale purchaser fails to send the owner a notice to redeem during that period? Or does the right of redemption survive until six months after the tax sale purchaser sends a notice to redeem, even if that six-month period ends more than two years after the tax sale?
 

 (2) Does the term “occupant” in section 8 of the Onondaga County Tax Act include an individual who operates a busi
 
 *166
 
 ness on a property but does not reside there? If an individual is both an owner and an occupant, does he have three years following a tax sale in which to redeem the property?
 

 Id.
 
 at 172.
 

 The New York Court of Appeals accepted certification and answered both of these questions.
 
 Carney v. Philippone,
 
 1 N.Y.3d 333, 774 N.Y.S.2d 106, 806 N.E.2d 131 (2004). The court answered the first question by holding that “[a]n owner’s right to redeem is limited to two years. Eighteen months into that period, a tax sale purchaser — before it can request a deed for the property — must give notice to the owner.”
 
 Id.
 
 at 343, 774 N.Y.S.2d at 112, 806 N.E.2d at 137. It reasoned that “in order to give effect to the phrase
 
 ‘and not thereafter
 
 ’ in section 8 [of the Onondaga County Tax Act], the six-month notice requirement cannot lengthen the two- and three-year redemption periods.”
 
 Id.
 
 (emphasis in original). The court then answered the first part of the second question in the affirmative and the second part in the negative.
 
 Id.
 
 at 343, 774 N.Y.S.2d at 112, 806 N.E.2d at 137. It explained that “an owner should be held to the two-year period to redeem property, whether or not that person is also an occupant.”
 
 Id.
 

 The New York Court of Appeals’s answers to the certified questions are dispos-itive of this appeal, and accordingly, we Affirm the judgment of the District Court.